# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MELVIN MOSES LILLEY, III,<br><br>Defendant. | CR 15-16-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Melvin Moses Lilley, III (Lilley) has been accused of violating the conditions of his supervised release. Lilley admitted alleged violations 1, 2 and 4. The Court dismissed alleged violation 3 on the government's motion. Lilley's supervised release should be revoked. Lilley should be placed in custody for 6 months, with 18 months of supervised release to follow. Lilley should serve the first 180 days of supervised release at a residential re-entry center, if possible.

## II. Status

Lilley pleaded guilty to Assault with a Dangerous Weapon on July 7, 2015. (Doc. 23). The Court sentenced Lilley to 75 months of custody, followed by 2 years of supervised release. (Doc. 31). Lilley's current term of supervised release

began on July 23, 2021. (Doc. 40 at 1).

**Petition**

The United States Probation Office filed a Petition on December 16, 2021, requesting that the Court revoke Lilley's supervised release. (Doc. 40). The Petition alleged that Lilley had violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; 2) by failing to reside at a place approved by his probation officer; 3) by committing another crime; and 4) by using marijuana and methamphetamine.

**Initial appearance**

Lilley appeared before the undersigned for his initial appearance on December 28, 2021. Lilley was represented by counsel. Lilley stated that he had read the petition and that he understood the allegations. Lilley waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 28, 2021. Lilley admitted that he had violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; 2) by failing to reside at a place approved by his probation officer; and 3) by using marijuana and

2

methamphetamine. The Court dismissed alleged violation 3 on the government's motion. The violations that Lilley admitted are serious and warrant revocation of Lilley's supervised release.

Lilley's violations are Grade C violations. Lilley's criminal history category is II. Lilley's underlying offense is a Class C felony. Lilley could be incarcerated for up to 24 months. Lilley could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Lilley's supervised release should be revoked. Lilley should be incarcerated for 6 months, with 18 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Lilley should serve the first 180 days of supervised release at a residential re-entry center, if possible.

### IV. Conclusion

The Court informed Lilley that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Lilley of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Lilley that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose.

The Court **FINDS:**

That Melvin Moses Lilley, III violated the conditions of his supervised release: by failing to follow the instructions of his probation officer; by failing to reside at a place approved by his probation officer; and by using marijuana and methamphetamine.

The Court **RECOMMENDS:**

That the District Court revoke Lilley's supervised release and commit Lilley to the custody of the United States Bureau of Prisons for 6 months, with 18 months of supervised release to follow. Lilley should serve the first 180 days of supervised release at a residential re-entry center, if possible.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of December, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge